## MARCH *vs.* DAVISON.

It is not actionable to charge a person, who is not legally authorized to prac-
tice physic or surgery and to receive compensation therefor, with ignorance
of the healing art; or with having destroyed human life by lawful but
misapplied efforts to preserve it. But where such person is engaged in an
unlawful practice, contrary to the statute, and kills a patient by adminis-
tering medicines which he believes not to be dangerous to health or life,
he will be guilty of manslaughter. And it is actionable to charge him with
killing a patient under such circumstances.

As a general rule, the defendant in any civil suit may file a bill of discovery
in aid of his defence in such suit, where the discovery sought is material
to his defence. But no person can be compelled to make a discovery,
in aid of the complainant's defence at law or otherwise, when the effect
of such discovery might be to subject him to indictment and punishment
for an offence against the laws of the state.

It is not necessary for the complainant, in a mere bill of discovery, to aver
that he cannot otherwise establish his defence at law. And the abstract
of the case of *Legget* v. *Postley*, (2 *Paige's Rep.* 599,) to the contrary, is
not warranted by the opinion of the court in that respect.

To sustain a mere bill of discovery, in aid of a defence at law, it is only neces-
sary to show that the discovery is material to such defence; not that it is
absolutely necessary.

But where the complainant seeks to give jurisdiction to the court of chan-
cery to grant him relief, upon the ground that he is compelled to come into
that court for a discovery, he must not only show that such discovery is
material, but must also state affirmatively that he cannot establish such
defence without the aid of the discovery sought.

And where the bill does not show that a discovery is necessary, as well as
material, the defendant may demur to the relief sought.

If the complainant in a bill of discovery wishes to obtain an injunction, to
stay the defendant's proceedings at law until the putting in of an answer
to such bill, he must aver that the discovery sought for is necessary to his
defence; and such averment must be verified by his oath.

In a bill of discovery the complainant must charge, either upon his informa-
tion and belief or otherwise, that the matters of which he seeks a discovery
are true in point of fact.

It seems that the plaintiff in a libel suit may be compelled to discover the truth
of the alleged libel, in aid of a justification at law, where such discovery will
not subject him to a criminal prosecution, or to a penalty or forfeiture, or
render him infamous.

May 17.    THIS case came before the court upon a demurrer to the
complainant's bill of discovery. The defendant had sued

1842.

March
v.
Davison.

the complainant in an action of slander, for charging the defendant with having killed a woman in Schoharie, and of malpractice as a cancer doctor.  And the complainant had in that suit pleaded the general issue and given notice with his plea that he would give in evidence, upon the trial, in bar of the action and in justification of the alleged slander, that Davison was not a regular physician or surgeon, nor was he licenced to practice as such, but that he had holden himself out to the public as a cancer physician ; that he was in the habit of applying to such tumors upon the bodies or limbs of those who employed him as he denominated cancers, plasters composed of poisonous ingredients, imminently dangerous to human life, and that by the use of such plasters he habitually endangered the lives of those persons to whom such plasters were applied ; that in December 1838, Marcia Morgan, of the county ot Schoharie, applied to Davison to cure a swelling in her breast, and he thereupon applied to her breast a plaster or plasters composed of certain poisonous ingredients, by the application of which plasters, and the procurement of Davison, she became worse and finally died ; and that her death was caused by such malpractice.  The bill, after setting out the commencement of the suit at law and the defence which had been set up therein, alleged that, as he was advised by counsel and verily believed, the complainant could not safely proceed to trial in that action, nor properly defend himself therein, without a discovery from Davison of the several ingredients, and the proportion of each which entered into the composition of the plasters used by him in his practice as such cancer doctor, and particularly in the plaster or plasters which were so applied to the breast of Mrs. Morgan. And that, as the complainant believed, the said matters were in the personal knowledge of Davison only, and that his answer to the bill would furnish discovery material to the defence in the suit at law.  The complainant, therefore, prayed for a discovery of the facts above set forth ; and that Davison might state in his answer what were the ingredients, and the proportions of each which were used in

the composition of such plasters as were applied by him to the extirpation of cancers in his general practice, and particularly in the plaster or plasters applied by him to the breast of Mrs. Morgan.

*M. T. Reynolds*, for the complainant. The bill contains all the essentials of a bill of discovery. It alleges the materiality of the facts sought to be discovered, to the complainant's defence at law, and the fact that they are exclusively within the knowledge of the defendant. The averment in the bill that the ingredients of the cancer plaster are poisonous, and eminently dangerous to human life, is no more than may be said in reference to all medicines, and ought not therefore to imply criminality in the defendant. The hostility of medicines to life or to its modifications when influenced by disease, is the principle from which is derived their efficacy in the cure of diseases. There is no medicine of any efficacy which, if administered in improper quantities, or at improper times, is not more or less dangerous to life. The discovery sought does not necessarily tend to convict the defendant of a crime, or to subject him to a criminal prosecution, because the ingredients composing the plaster may have been of such a nature as to have either cured the disease or destroyed the patient, and that within the knowledge of the defendant. This is the fact with many remedies for dangerous diseases. There is no averment in the bill, nor is it necessary as a defence to the action at law, that there existed any intention to injure or destroy the patient, on the part of the defendant. And the effect upon life of the ingredients applied in this case will be a question of fact for the jury.

*S. H. Hammond*, for the defendant. The declaration in the suit at law alleges that the defendant had charged the plaintiff with malpractice and manslaughter, crimes indictable and punishable by the laws of this state. To sustain a bill of discovery, in aid of a defence at law, it is necessary for the complainant to show that the discovery

sought is material to his defence in the suit at law; and if this is not shown by the bill the defendant may demur. (*Leggett* v. *Postly*, 2 *Paige*, 601. 2 *Hoff. Ch. Pr.* 109.) The complainant must show affirmatively in the bill that his defence cannot be established at law by the testimony of witnesses, or without the aid of the discovery which he seeks; and it must be a matter which the complainant has a right to have discovered. The bill does not contain these requisites. The complainant does not charge the facts stated in his bill upon his own knowledge or that they exist. The complainant is not entitled to the discovery sought by him. It is the defendant's secret. It may be, and is of great value to him; it is that by which he gains his support, and this court will not deprive him of the benefit of it. If he is guilty of the charges, the people have their remedy against him by indictment. If the discovery is material the complainant certainly is not entitled to it, for it may subject the defendant to an indictment and punishment. (*McIntyre* v. *Mancius*, 16 *John. Rep.* 592. 1 *Mad. Ch. R.* 214.) The defendant cannot be compelled to answer as to any fact which may form a link in a criminal prosecution. (2 *Mad. Ch. R.* 320, 321.)

THE CHANCELLOR. The bill in this case is defective in form. For the complainant merely states the defence which he has put in to the defendant's actions of slander, but does not charge, either upon information and belief or otherwise, that all or any of the matters specified in the notice of justification annexed to his plea, in the action at law, are true in point of fact. It is not necessary, in a mere bill of discovery, for the complainant to aver that he cannot otherwise establish his defence at law; and the head note to the contrary in the case of *Leggett* v. *Postley*, (2 *Paige*, 599,) is not warranted by the opinion of the court in that respect. By referring to the case itself, it will be seen that the court made the distinction between a mere bill of discovery, and a bill in which the complainant asks for relief in this court upon the ground that he has been com-

1842.

March
v.
Davison.

pelled to come here for discovery. In the first case, to sustain a bill of discovery in aid of a defence at law, the complainant must show that the discovery sought is material to his defence at law ; not that it is absolutely necessary. But where the complainant seeks to give jurisdiction to this court to grant relief, upon the ground that a discovery was necessary, and that this court having gained jurisdiction of the cause for that purpose will retain it for the purpose of doing complete justice between the parties, he must not only show that the discovery is material to his defence in the suit at law, but must also allege affirmatively that he cannot establish such defence at law without the aid of the discovery sought. And in such a case if the bill does not show that the discovery is necessary, as well as material and convenient, the defendant may demur to the relief sought by such bill. Under the decision of our court of dernier resort in the case of *Laight* v. *Morgan*, (1 *John. Ca.* 429,) and the subsequent decisions in the court of chancery here, the defendant must answer and make the discovery sought although he demurs to the relief. A similar averment of the necessity of a discovery in aid of the defence at law must be made and sworn to where the complainant in a bill of discovery asks for an injunction to stay the defendant's proceedings there until he has answered the bill. The only formal objection to the bill in this case which can be noticed on this demurrer to the discovery sought, the want of an averment that the matters stated in the complainant's notice of justification were true in point of fact, has probably arisen from a mere oversight on the part of the counsel who perused and signed the bill, and may still be obviated by an amendment. It is proper, therefore, to look into the merits of the case for the purpose of ascertaining whether upon an amended bill, removing this formal ground of objection, the complainant will be entitled to the discovery asked for here.

As a general rule, the defendant in any civil action may file a bill of discovery to aid him in the defence of such action, where the discovery sought is shown to be material.

1842.

March
v.
Davison.

And in *Wilmot* v. *Maccabe*, (4 *Sim. Rep.* 263,) Sir Launcelot Shadwell supposed it to have been settled by the house of lords, that where a person brings an action at law for a libel, and the defendant justifies the publication on the ground that the matters published by him were true, he may file a bill of discovery and compel his adversary to admit the truth of the allegations in the supposed libel. I do not, however, understand him as supposing that the defendant is bound to answer any matter in a bill of discovery, in such a case, which would subject him to a criminal prosecution, or render him infamous, or which would subject him to a penalty or forfeiture. The opinion of Lord Eldon, in the case of *Macauley* v. *Shackell*, (1 *Bligh's Rep. N. S.* 96,) to which his honor refers, left that question wholly undecided, although he undoubtedly meant to be understood as deciding that the mere fact of the publication being libellous was not sufficient to deprive the defendant in the suit at law of the right to a discovery of the truth of the alleged libel, in aid of his justification of the publication. The question in that case was not whether the defendant in the bill in chancery was bound to make a discovery which would subject him to an indictment, but it was as to the right of the complainant to come into that court for a commission to examine witnesses abroad to aid him in his justification of the alleged libel. And Lord Eldon, although he did not say in terms that the defendant in such a case was not bound to criminate himself, was very careful on the other hand not to say that this court could compel the defendant to make a discovery which would subject him to indictment.

In the case of *Thorpe* v. *Macauley*, (5 *Mad. Rep.* 218,) which came before Sir John Leach, a few years previous, in relation to a libel upon the same person as the governor and chief justice of Sierra Lecone, it was held that the party sued at law for the alleged libel might file a bill in this court in aid of his defence ; but that the defendant in such bill was not bound to make a discovery as to the truth of the matters stated in the alleged libel, inasmuch as it im-

puted to him conduct which amounted to an indictable misdemeanor. His honor, therefore, overruled the demurrer to the whole bill, and allowed the defendant to file one which only extended to the discovery of matters which would not criminate himself. And this decision is sustained by the judgment of Lord Langdale in the more recent case of *Glynn* v. *Houston*, (1 *Keen's Ch. Rep.* 329 ;) and is in accordance with the expressed opinion of this court in the case of *Leggett* v. *Postley*, to which I have before referred. (*See also Wigram on Disc.* 61, *pl.* 85, 86.)

In the case under consideration, if the declaration in the suit at law states nothing more than is alleged in the complainant's bill, it is doubtful at least whether the words charged to have been spoken by him are actionable. For it appears by the bill itself that Davison was not a regular physician or surgeon ; nor was he licensed to practice as such according to the laws of this state. And as he cannot, therefore, recover any compensation for his services, under the provisions of the revised statutes, (1 *R. S. 2d ed.* 451, § 24,) he cannot maintain an action of slander for charging him with malpractice in a profession which he cannot legally exercise ; unless he is charged with having committed some offence involving moral turpitude or subjecting him to an infamous punishment. In the case of Thompson, the originator of the steam practice, who was indicted for murder, in the state of Massachusetts, for having killed a patient with steam and lobelia, the supreme court of that state held that, as there was no law prohibiting him from practising without a license, he could not be convicted either of murder or manslaughter if he administered the medicine, which killed the patient, through ignorance of its dangerous character, and with an honest intention and belief that the same would cure instead of killing the person to whom it was given. (*Commonwealth* v. *Thompson*, 6 *Mass. Rep.* 134.) It is true, Chief Justice Parsons said in that case, that if the solicitor general had established the fact, stated in his opening, that the prisoner

had previously ascertained, by experience, the injurious effects of his remedy, in the death or bodily hurt of his patients, and had afterwards administered it in the same form to the deceased, who was killed by it, the court would have left it to the jury to determine whether it was so administered with an honest intention of curing the patient, or from obstinate rashness or fool hardy presumption ; in which latter case the prisoner would have been guilty of manslaughter at least.   For it would not have been lawful for him again to administer a medicine of which he had such fatal experience.   Our statute does indeed prohibit persons not authorized by law from practising physic or surgery within this state.   And as the person who should attempt to practice contrary to the statute would be engaged in an unlawful act, he could not probably escape a conviction of manslaughter if he should kill a patient, even where he supposed the remedy administered was not dangerous to health or life.   But the statute does not extend to the case of those who only deal in roots, barks or herbs, the growth or produce of the United States, however dangerous to human life such remedies may be in the hands of ignorant empirics.   And in this case the bill does not allege that the suit at law is brought for charging Davison with having killed the woman in Schoharie knowingly and intentionally, or while he was engaged in an unlawful practice with poisonous medicines not the growth or produce of the United States.   If the declaration does not show that the complainant intended to impute any thing to the defendant, except the destruction of the life of a human being through mere ignorance of the dangerous nature of the remedies which he applied, and without any fault on his part, the charge certainly is not actionable. And the remedy of the complainant is perfect at law, by demurrer to the declaration, or by a motion in arrest of judgment.   But if he has charged him with destroying the life of another by the use of poisonous medicines imminently dangerous to human life, with a full knowledge of their deleterious effects upon the healths and lives of oth-

ers, or when engaged in an illegal practice contrary to the laws of the state, it is a charge of a felonious homicide, which if true ought to subject the defendant to imprisonment in the state prison. And it would be a violation of the spirit of the constitution, which declares that no person shall be compelled in any criminal case to be a witness against himself, to require him to make a disclosure, upon a bill of discovery, which might subject him to indictment and punishment for the crime of manslaughter.

The conclusion at which I have arrived in this case therefore is, that whether the complainant did or did not intend to impute to the defendant the crime of felonious homicide, this bill of discovery in aid of the defence at law cannot be sustained against one who was not legally authorized to practice physic or surgery as a profession. In the first place, upon the ground that it is not actionable to charge such a person with ignorance of the healing art, or with having destroyed human life by lawful but misapplied and well intended efforts to preserve it. And in the second, that no one can be compelled to make a discovery, in aid of a defence at law or otherwise, the effect of which discovery might be to subject him to indictment and punishment for an offence against the laws of the state. The demurrer must, therefore, be allowed. And the complainant's bill must be dismissed, with costs, to be taxed; including the costs of the motion to dissolve the injunction.

Ordered accordingly.