GEORGE TURNER, JOHN ALLISON and JOSEPH W. ALLISON
v. JAMES L. DICKERSON.

1. In a bill for discovery merely, it will be sufficient for the court to see that the discovery is material to the defence at law of the party seeking the discovery, and how and in what manner it is material.

2. But where it is asked that a suit at law *should be delayed*, or the bill prays *relief* as well as discovery, the complainant should aver that the discovery sought for *is necessary to his defence*, and that the plaintiff is unable to prove such facts by other testimony.

This case was heard before the Chancellor, April 26th, 1852, at Newark, on motion to dissolve the injunction on bill and answer. The contents of the bill are set out in the opinion of the Chancellor, so far as necessary to a clear understanding in the case.

*Mr. F. Frelinyhuysen*, for motion.

*Mr. Chandler, contra.*

THE CHANCELLOR. James L. Dickerson commenced an action in a plea of trespass on the case upon promises, in the Circuit Court of the county of Morris, against the complainants, George Turner, John Allison and Joseph W. Allison. Issue was joined in the said suit upon the plea of payment. This bill was filed on the second day of August, 1850. It seeks relief upon the ground that the promissory note upon which the action at law was brought, was a joint and several promissory note of the complainants; that John Turner and John Allison were, in fact, only sureties, and that when the note became due and payable, John Allison aided Joseph in raising seventy dollars towards the payment of the note, and that Joseph paid the amount due on the note to Dickerson, at maturity.

Turner et al. v. Dickerson.

On filing the bill, an injunction issued to stay the proceedings at law.

The defendant has answered the bill, and upon his answer now moves for a dissolution of the injunction.

The bill should have been demurred to, for it is difficult to perceive upon what ground it can be maintained. It is endorsed as a bill for discovery and relief, and yet it is no more a bill of discovery than every bill filed in the court may be considered as such.

There is the general allegation in the bill that the complainants are without adequate remedy in the premises by the strict rules of the common law. But there is not an allegation in the bill that the aid of this court is required for the purpose of discovery, or that the plea of payment cannot be sustained by proof within the reach of the parties by the process of the court of law.

There is no case made by this bill to give the court jurisdiction for the purpose of relief, and the only way by which the court could get possession of the cause, and hold it for such purpose, would be in consequence of its being technically a bill for *discovery*, as well as relief, and possessing those essentials which distinguish it as a bill of discovery.

In this case, relief is prayed for, and the aid of the court interfering with the proceedings of a court of law.

There is an essential difference between a bill purely for discovery, and a bill seeking a relief also, or an interference with the proceedings of another court, as well as discovery.

In a bill for discovery merely, it will be sufficient for the court to see that the discovery is material to the defence at law of the party seeking the discovery, and how, and in what manner, it is material. *Story's Eq. Ju.* 324. But where it is asked that a suit at law should be delayed, or the bill prays for relief as well as discovery, a very different rule prevails. Chancellor Kent, in *Gilston* v. *Hoyt*, 1 *Johns. Ch. R.* 547, which was a bill for discovery, and to enjoin proceedings in a suit at law, says: "Unless, therefore, the bill states affirmatively, that the discovery is really wanted for the defence at law, and also shows that the discovery might be material to

that defence, it does not appear to be reasonable and just that the suit at law should be delayed."

If the complainant in a bill for discovery wishes to obtain an injunction to stay the defendant's proceedings at law until the putting in of an answer to such bill, he must aver that the discovery sought for is necessary to his defence, and such averment must be verified by his oath. *March* v. *Davison*, 9 *Paige* 580.

There is no averment in this bill that the complainants need any discovery from the defendant to aid them in the defence of the suit at law, nor are there any facts stated in the bill from which it can fairly be inferred that the complainants really require the aid of this court for any such purpose.

In the case of *Appleyard* v. *Seton*, 16 *Vesey* 223, it was ruled that an injunction to stay a trial at law must be founded on affidavit, stating the belief of the party that the answer will furnish discovery material to his defence.

But this bill does not simply ask the interference of the court to delay the proceedings at law until, by their answer, the defendants may have made the discovery—but it seeks to transfer the jurisdiction of the suit at law to this court, and to have the whole case finally decided here upon its merits.

This bill, for such a purpose, is altogether defective. The essentials of such a bill, as laid down in *Story's Eq. Ju.*, § 74, are sustained by numerous cases, and may be considered as well settled. To maintain the jurisdiction for relief, as consequent on discovery, it is necessary, in the first place, to allege in the bill that the facts are material to the plaintiff's case, and that the discovery of them, by the defendant, is indispensable as proof. The bill must allege (and, if required, the fact must be established,) that the plaintiff is unable to prove such facts by other testimony.

The defendant has seen proper to waive these objections to the bill, so far as to give to the complainants the benefit of his answer. Whatever that may amount to, I cannot deprive

the complainants of any advantage it may afford them. They are entitled to use it in the suit at law.

I do not deem it necessary to express any opinion as to the question discussed on the argument of the motion to dissolve, viz.: Whether the answer meets satisfactorily the case made by the bill.

Let an order be made dissolving the injunction, with costs.