THE BRANDON MANUFACTURING COMPANY, RESPONDENT, v. HERBERT L. BRIDGMAN, IMPLEADED WITH SAMUEL L. PETTENGILL AND OTHERS, APPELLANTS.

*Code, § 391 — examination of party under — not allowed where the purpose is to compel the party to disclose a libel — cannot compel him to criminate himself.*

This action was brought to recover damages for injuries to plaintiff's business, occasioned by certain libelous publications alleged to have been made by defendants as advertising agents for some persons unknown. The plaintiff procured an order for the examination of the defendants, under section 391 of the Code, to enable them to frame a complaint, and to ascertain the names of the persons who prepared and procured to be published the said advertisements, in order that they might be made parties to the action.
*Held,* that under section 391, an examination could not be ordered in a case in which the party might refuse to answer the questions to be put, on the ground that they would tend to criminate himself, and that the order should be reversed.

APPEAL from an order of the Special Term, directing the examination of defendants before trial.

In July, 1877, the plaintiff obtained an order and summons for

the examination of the defendants Pettengill and Bridgman, as witnesses before trial, under section 391 of the Code of Procedure. The affidavit upon which the order was granted alleged that the defendants and others were engaged in the business of advertising; that they had received from persons who were unknown to the plaintiff, a variety of false, libelous and defamatory communications and statements of and respecting the plaintiff, its business pro-pects, pecuniary condition, and general standing, and caused them to be published in various papers; that the action was commenced to recover damages for the injuries occasioned thereby; that "the plaintiff is unable to frame their complaint as against the said persons, by reason of being as yet not possessed of all the various false and defamatory articles which they have published throughout the United States (although they have a large number now within their control), and also, because they do not know the names of the persons who have prepared and procured to be published the said advertisements, and who are proper parties defendant in this action; and that it is necessary, in order to obtain the knowledge of the said names, and of the facts necessary to frame the said complaint, that all the facts and circumstances incidental and necessary to the full determination of this action, may be brought before the court, that the plaintiff shall have an order to examine the defendants, constituting the firm of S. M. Pettengill & Co., and the said Bridgman, and to that end they now apply for an order to examine the defendant Samuel M. Pettengill, the defendant Herbert L. Bridgman, and the other defendants constituting the firm of S. M. Pettengill & Co., or otherwise associated with them, or the said Bridgman, in directing or procuring such publication, so that the plaintiff can obtain from the said persons the information necessary as aforesaid."

*C. D. Adams,* for the appellants. The discovery which the plaintiff here seeks, is to compel the defendants to disclose that they have published, or been instrumental in publishing, libelous matter, and for whom, or at whose instance they published it; in other words, whether they, and certain other persons, whom they are expected to name, have been guilty of a criminal offense, for which they could be indicted and punished.

Nothing is better settled than that a party cannot be compelled to disclose any matter which may subject him to a penalty, a forfeiture, or a criminal proceeding. (Wingram on Discovery, 195; 1 Daniells Ch. Pr. [3d ed.], 589, 729; *Paxton* v. *Douglas*, 19 Ves., 226; *Matter of Kipp*, 1 Paige, 607.) For this reason a bill of discovery was never allowed, in Chancery, in an action for libel. (2 Story Eq. Jur., § 1, 494 and note; *Glynn* v. *Houston*, 1 Keen, 329; *March* v. *Davidson*, 9 Paige, 588; *Opdyke* v. *Marble*, 44 Barb., 67.) The examination of an adverse party before trial, provided for by section 391 of the Code, is a substitute for the former remedy by bill of discovery, and can only be had where a bill for a discovery would have been previously sustained. *Phœnix* v. *Dupuy*, 2 Abb. [New Cases], 146; *King* v. *Leighton*, 58 N. Y., 383; *Glenney* v. *Stedwell*, 64 N. Y., 127; 1 Abb. [New Cases], 327, note 332, 487.) It follows logically that a defendant cannot be compelled, under section 391 of the Code, to disclose facts to enable a plaintiff to sustain an action for slander, or for libel, and so the courts of this State uniformly hold. (Townshend on Slander and Libel [3d ed.], addenda to p. 646; *Bailey* v. *Dean*, 5 Barb., 303; *Phœnix* v. *Dupuy*, 2 Abb. [New Cases], 146.)

*Jno. B. Whiting*, for the respondent. The right to examine a party before trial is absolute. (Code of Civil Procedure, §§ 837, 873; *Glenney* v. *Stedwell*, 64 N. Y., 120; *McVickar* v. *Ketcham*, 1 Abb. Pr. [N. S.], 452; *Cook* v. *Bidwell*, 17 Abb. Pr., 300.) The mere fact that a suit for libel is begun, and a party to it is sought to be examined as a witness does not create the privilege of *refusing to be sworn*. (*Marsh* v. *Davidson*, 9 Paige, 580; *Bailey* v. *Dean*, 5 Barb., 297.) The objection must be taken by the witness *after* he is sworn. (*Pary* v. *Almond*, 12 Sergeant and Rawle, 284; *U. S.* v. *Barr*, 1 Robertson's Trials, 207, 208; 9 Wisc., 143.)

BRADY, J.:

The object of the examination of the defendants, Samuel L. Pettengill and Herbert L. Bridgman, was to enable the plaintiffs to frame their complaint.

From the application it is apparent that it was designed to

obtain from them information connecting them with the publication of the alleged libelous matter. Under section 391 of the Code this cannot be allowed in an action of this character, for the reason that it assimilates to a bill of discovery which in such cases was not allowed under the old system, and has been refused in many instances. Such is the rule both in England and in this country, the reason being that the answers may criminate or tend to criminate the person giving them. (*Bailey* v. *Dean*, 5 Barb., 297; *Phœnix* v. *Dupuy*, 2 Abb. [New Cases], 146; *Paxton* v. *Douglas*, 19 Vesey, 225; *Tupling* v. *Ward*, 6 H. & N., 749; *March* v. *Davison*, 9 Paige, 580.)

The right to an examination under section 391 is not, by virtue of its provisions, so enlarged as to include cases in which, by the law existing when it was passed, a party would be at liberty to refuse to answer if put upon the stand. This decision is designed to relate to the case considered and kindred cases, and not to affect in any way the right of a party to call the defendant as a witness upon the stand, leaving him while there to such objections as he may interpose against answering any question put to him; or to his examination under the Code after issue joined.

The order should be reversed with ten dollars costs and disbursements to the appellant, to abide the event.

DAVIS, P. J., and INGALLS, J., concurred.

Order reversed with ten dollars costs and disbursements to appellant, to abide event.