## John Robson v. Edward Doyle.

94    281
r191s  566

1.  CHANCERY PRACTICE—*Requisites of Bills of Discovery in Aid of Suits at Law.*—All that is necessary for a complainant to allege in a bill of discovery in aid of a suit at law is that he has such a case that the discovery sought will aid him.

2.  SAME—*Bills of Discovery to Enable a Defendant in a Suit at Law to Make His Defense.*—To sustain a bill of discovery in aid of a defense at law the complainant must allege that the discovery sought is material to his defense, but if he seeks to give jurisdiction to the court to grant relief upon the ground that a discovery is necessary, and the court having gained jurisdiction for such purpose will retain it for the purpose of doing complete justice between the parties, he must not only

show that the discovery is material to his defense in the suit at law but he must also allege affirmatively that he can not establish such defense without the aid of the discovery sought. If he seeks to enjoin the proceedings at law he must support his bill by affidavit.

3. SAME—*Bills of Discovery in Aid of the Prosecution or Defense of Suits at Law.*—In general, if it appears that the discovery may, in any way, be material to the party complainant, in the prosecution or defense of his suit at law, the defendant will be compelled to make it.

4. SAME—*Bills of Discovery in Aid of Qui Tam Actions for the Recovery of Money Lost at Gambling.*—Under sections 126 to 135 of chapter 38, R. S., (Hurd's R. S. 1899, p. 592), a bill of discovery will lie in aid of a suit in the nature of a *qui tam* action by a person suing to recover money lost at gambling.

5. GAMBLING—*Actions for Money Lost at—Common Law.*—Actions for the recovery of money lost at gambling did not lie at common law. They exist only by virtue of statutory enactments.

**Bill of Discovery** in aid of a suit at law for the recovery of money lost at gambling. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed March 25, 1901.

**Statement.**—Appellee filed a bill against appellant, alleging that Robson, defendant below, is a resident of Cook county and for three years has been engaged in transacting business as a member of the Board of Trade of Chicago, and during said period has, as complainant has been informed and believes, been engaged in carrying on the business of gambling in said county by selling options, or what are known as puts and calls on wheat, in violation of the statute, etc., and thereby won large sums of money, as averred in the declarations set out in the bill. During said period defendant, as complainant is informed and believes, negotiated sales of puts and calls to James B. Dutch and Alexander Geddes, and to their agent and employes, and to a large number of other persons whose names are unknown to complainant, and through said Dutch and Geddes, and others whose names are unknown, January 4, 1900, complainant, suing for himself and Cook county, commenced an action against Robson which is still pending and undetermined, for the causes of action set forth in the following declaration:

" STATE OF ILLINOIS, ⎱ ss.          Circuit Court thereof.
  Cook County.    ⎰          January term, A. D. 1900.

EDWARD DOYLE, who sues as well for said county of Cook as for himself."

Then follows the declaration, which avers, in substance, that, to wit, March 1, 1899, at the city of Chicago, in Cook county, Illinois, the defendant was engaged in the business of gambling in grain, by selling to others privileges of purchasing wheat from him at agreed prices for future delivery, otherwise called calls, and to wit, at Chicago, in said county, on, to wit, the day and year aforesaid, defendant sold to Alexander Geddes calls on, to wit, 5,000,000 bushels of wheat at an agreed price, for which Geddes paid to defendant, to wit, $50,000, which said sum defendant won, etc., and that said Geddes did not, within six months from the time he paid said money, bring suit to recover the same or any part thereof, etc. The declaration contains another count, alleging the selling by the defendant to Geddes of puts, which are alleged to be options of selling wheat to the defendant for future delivery at an agreed price. Then follows a similar declaration against Robson, for sales of calls and puts to James B. Dutch, after which it is alleged that complainant intends to commence similar actions for treble the amount of moneys won by defendant, on the sale of puts and calls to other than Dutch and Geddes, as soon as complainant can ascertain their names, and that the transactions mentioned in the declarations, and those with said unknown persons, are largely within the exclusive knowledge of Robson, Dutch and Geddes, etc., and that in order for complainant to prosecute said suits successfully, it is important to complainant to obtain from Robson a discovery of all matters within his knowledge relating to said transactions, and that his answers to the interrogatories set forth in the bill will be material evidence in said suits, etc. It is then prayed that Robson answer on oath the bill and 117 interrogatories contained therein and for process, etc. The bill is verified by complainant's affidavit.

The defendant demurred, assigning causes of demurrer.

The court overruled the demurrer and defendant electing to abide by his demurrer, the court decreed that the defendant, within twenty days, file his answer to the bill and the interrogatories under oath. From this order the defendant appealed.

HENRY S. MONROE, attorney for appellant.

GEORGE W. PLUMMER and WHARTON PLUMMER, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellant objects " that there is no allegation, even, that the matters stated in the declarations filed in the pending cases are true; no allegation that the complainant expects to establish the truth of the facts alleged in the bill by Mr. Robson; no allegation that the complainant knows of no other witness or witnesses except Mr. Robson, by whom he can prove the facts stated in his bill. Indeed the bill itself, and the declarations in the suits at law, all show that the money Doyle claims Mr. Robson won was won from Geddes and Dutch; and they and their employes are competent witnesses, and know as much about the transactions complained of as does Mr. Robson, and they all are within the jurisdiction of the court where the actions at law are pending."

We think it sufficiently appears from the bill that the complainant expects to establish by the defendant, Robson, the truth of the allegations in respect to the sales by Robson to Dutch and Geddes. It is averred on information and belief that Robson made the sales, and also " that the answers of said John Robson to the interrogatories hereinafter set forth will be material evidence for your orator to establish the causes of action set forth in the declaration above mentioned," etc.

We do not think tenable the contention of appellant's counsel, that in order to entitle a party to discovery in aid of a suit at law, no final relief being sought in the equity

court, it must be averred that the matter in respect to which discovery is sought rests exclusively within the knowledge of the party from whom it is sought. The authorities distinguish between bills seeking relief in equity, which also pray for a discovery, and bills merely seeking a discovery in aid of a suit at law. Story, in his work on Equity Jurisprudence, says:

" Hence, to maintain the jurisdiction for relief, as consequent on discovery, it is necessary, in the first place, to allege in the bill that the facts are material to the plaintiff's case, and that the discovery of them by the defendant is indispensable as proof; for if the facts lie within the knowledge of witnesses, who may be called in a court of law, that furnishes a sufficient reason for a court of equity to refuse its aid." Story on Eq. Jurisp., Sec. 74.

The same author says:

" All that is required to be alleged in a bill for discovery in aid of a suit at law, is to show that the plaintiff has such a case that the discovery sought will aid him.   *   *   *
" In such case it is not requisite to allege that the plaintiff is unable to establish his case, or defense, by other witnesses, or to make any such affidavit, unless for the purpose of obtaining an injunction staying proceedings at law." Ib., Sec. 74a.   See, also, Story's Eq. Pl., 9th Ed., Sec. 319, top page 288, n. 1, and cases there cited.

To the same effect are the following cases: Marsh v. Davison, 9 Paige, 580; Stacy v. Pearson, 3 Rich. Eq., S. C., 148, 152; Continental L. Ins. Co. v. Webb, 54 Ala. 688, 697; Peck v. Ashley, 12 Metc. 478.

In Marsh v. Davison, *supra*, Chancellor Walworth distinguishes clearly between the averments necessary in a bill for discovery and relief, and a bill for discovery in aid of a defense at law, saying:

" By referring to the case itself, it will be seen that the court made the distinction between a mere bill of discovery, and a bill in which the complainant asks for relief in this court upon the ground that he has been compelled to come here for discovery. In the first case, to sustain a bill of discovery in aid of a defense at law, the complainant must show that the discovery sought is material to his defense at law; not that it is absolutely necessary. But where the

complainant seeks to give jurisdiction to this court to grant relief, upon the ground that a discovery was necessary, and that this court, having gained jurisdiction of the cause for that purpose, will retain it for the purpose of doing complete justice between the parties, he must not only show that the discovery is material to his defense in the suit at law, but must also allege affirmatively that he can not establish such defense at law without the aid of the discovery sought."

The same distinction is made in Stacy v. Pearson, *supra*.

So, also, in Peck v. Ashley, *supra*, the court makes the same distinction, citing authorities.

" But, in general, if it can be supposed that the discovery may, in any way, be material to the plaintiff in the support or defense of any suit, the defendant will be compelled to make it." Mitford and Tyler's Pl. & Pr. in Eq., p. 288.

In Vennum v. Davis, 35 Ill. 568, and New Era, etc., Co. v. Shannon, 44 Ill. App. 477, the bills were both for discovery and final relief, and what was said by the courts in those cases must be regarded as having been said as to such bills. No case has been cited by appellant's counsel to the contrary of the doctrine announced in relation to bills merely for discovery in the cases and text books heretofore cited. The objection that there is no averment in the bill that the allegations in the declarations are true, we think untenable. The averment that the complainant has commenced the suits, and the showing made by the bill that the discovery prayed will materially aid the complainant in their prosecution, are sufficient to enable him to a discovery. We do not consider the bill objectionable on the ground that the averment of sales by Robson is on information and belief. As pertinently said by appellee's counsel, in argument:

" To require complainant to aver that the facts sought to be discovered are true, and verify such averment by his affidavit, would practically deprive the plaintiff of his right to maintain his suit; for if the plaintiff, as a condition precedent to his right to a discovery, were required to aver, and, if controverted, prove, he had a good case against the defendant, the right to a discovery would be one of no value."

Robson v. Doyle.

We are of the opinion that the complainant is entitled to a discovery as to the alleged sales of privileges to Dutch and Geddes.

Complainant's counsel especially urges that at least so much of the bill as alleges, on information and belief, sales of privileges or options to unknown parties, and which seeks a discovery of the names of such parties and the transactions of the defendant with them, is bad. Section 130 of chapter 38 of the Revised Statutes prohibits sales of such privileges as are described in the bill. Section 130 gives a right of action to any one who, as purchaser of such privileges, has lost the purchase money, to recover it back, and provides that, in case the person so losing money shall not, within six months, bring suit for it in good faith, it shall be lawful for any one to sue for treble the value of the money lost, one-half to be for the use of the county, and the other half for the use of the person suing. Section 137 of chapter 38 is as follows:

" In all actions or other proceedings commenced or prosecuted under the provisions of sections 126 to 135, inclusive, of this division, the party shall be entitled to discovery, as in other actions, and all persons shall be obliged and compelled to answer, upon oath, such bills as · shall be preferred against them for discovering the sum of money or other thing so won, as aforesaid. Upon the discovery and repayment of the money or other thing so to be discovered and repaid, the person who shall discover and repay the same, as aforesaid, shall be acquitted, indemnified and discharged from any other or further punishment, forfeiture or penalty which he might have incurred, by the playing for, or winning such money, or other thing, so discovered or repaid, as aforesaid." Hurd's Rev. Stat. 1899, p. 592.

A bill would not lie for discovery of such transactions as are mentioned in the present bill, in aid of a suit at law, except for the statute. No action would lie at common law to recover money lost in the purchase of such privileges as those in question, and as no such action could be maintained, no bill for discovery could be entertained. The statute, being not only in derogation of the common law, but

highly penal, must be strictly construed. The words are, "In all actions or other proceedings *commenced* or *prosecuted* under the provisions of sections 126 to 135, inclusive, of this division, the party shall be entitled to discovery as in other actions," etc. The meaning of the language quoted is that the party who has commenced a suit, or is prosecuting a suit under the provisions of the sections mentioned, or some of them, shall be entitled to a discovery as in other actions. The section has no application to suits not commenced or not being prosecuted, but which it is intended to commence in the future, when sufficient information shall be obtained. We think it clear that the complainant is not entitled to any discovery as to transactions which it is alleged in the bill the defendant Robson had with unknown persons, or to any answer to any interrogatories in respect to such alleged transactions. We regard the bill a purely fishing bill in so far as it seeks such discovery. But the decision of this question, while expedient, in view of the fact that there must be further proceedings in the Circuit Court, in case the complainant shall elect to proceed, is not decisive of the appeal. The appellant demurred generally to the whole bill, not even specifically pointing out its objectionable part, and the rule in such case is, that if the bill is good in part, the demurrer must be overruled. Story on Eq. Pl., Sec. 443.

The bill in question being good as to the alleged transactions between the appellant and Dutch and Geddes, the demurrer was properly overruled. Therefore the decree will be affirmed.