1831.

Leggett
v.
Postley.

---

### LEGGETT *vs.* POSTLEY.

A defendant cannot be compelled to answer a charge in the complainant's bill, which, if true, would subject him to an indictment, or a criminal prosecution.

A fraudulent combination to commence suits against a person, with the view of extorting money from him, is an indictable offence, and the persons guilty of it may be punished for a conspiracy.

To sustain a bill of discovery, filed in aid of a defence at law, the complainant must show, in his bill, that the discovery prayed for is material to his defence at law, and also that his defence at law cannot be established by the testimony of witnesses, or without the aid of the discovery which he seeks.

A discovery will not be allowed, merely to guard against anticipated perjury in a suit at law.

THIS cause came before the court on a demurrer to a bill of discovery. The complainant alleged that he had been president of the Franklin Bank, previous to its failure. That in December, 1826, he was induced to become such president, by the solicitations of some of the directors, and other persons interested in the institution. That, on investigating the affairs of the bank, he found that many frauds had been committed by former officers, which had diminished and put in hazard the capital of the bank; against all of which acts he signed a formal protest, in writing, (which was set out at length in the bill,) and placed the same in the hands of one of the directors, to be preserved. That, during the time he was president, he improved the funds of the bank at least $300,000. That, notwithstanding his exertions for the benefit of the creditors and stockholders of the institution, the defendant, Postley, from unfriendly and vindictive motives, had procured a combination of individual creditors of

October 4th.

the bank to be formed, for the purposes of instituting suits against the complainant in his individual capacity, in order to render him and his property liable. That Postley had made to the other conspirators fraudulent misrepresentations of the complainant's conduct, to induce them to join in the combination ; and had represented to them, that by bringing suits against the complainant he would be induced to compromise. That in prosecution of the views of these conspirators, Postley had sued the complainant in the superior court in the city of New-York, and had procured and induced one C. Pool to commence another suit against him in the circuit court of the United States. That the defendant, in the suit brought by him, relied principally upon a return of the state of the bank made to the legislature in March, 1828 ; but that the complainant had no agency in making that return, and did not see it until after it had been filed, it being the sole act of the cashier. That the return was never seen by Postley, and that he had no knowledge of the same until after the failure of the bank, and that it could not therefore have induced him to credit the bank. That the defendant also averred in his declaration in the superior court, that the complainant, to induce him to continue his account with the bank, had represented to him that the company was solvent and safe, &c. which allegation was not true. And the defendant was called on to answer the several statements and charges contained in the bill ; particularly as to the combination charged therein, and whether he knew of the false return made to the legislature; and whether a knowledge of such false return induced him to give credit to the bank. An injunction having been granted to restrain the proceedings of the defendant in his suit at law, on an application to the chancellor the injunction was dissolved. The defendant afterwards put in a demurrer to the whole bill, for want of equity ; and he assigned therein, as special causes of demurrer, that it did not appear from the bill that the discovery sought was necessary or material to the complainant's defence at law ; and also that the discovery of the alleged conspiracy would subject the defendant to a criminal prosecution.

*G. Brinckerhoff,* for the complainant.

*Hugh Maxwell,* for the defendant.

THE CHANCELLOR. The defendant cannot be compelled to answer a charge, which, if true, will subject him to an indictment, or expose him to a criminal prosecution. The substance of the allegations in the bill is, that the defendant has entered into a fraudulent combination with others, to extort money from the complainant. That he has entered into an agreement with other creditors of the Franklin Bank, falsely to move and maintain certain suits against Leggett, which the confederates, and particularly the present defendant, knew to be unjust and unfounded; and by that means to compel the complainant to compromise with them for their claims against the bank, to relieve himself from those prosecutions. It is evident, that if the charges in this bill are true, the defendant and the other parties to the combination are guilty of an indictable offence, and may be punished for a conspiracy. (1 R. L. 1813, 173, § 3. 2 R. S. 691, § 8.)

To sustain a bill of discovery, in aid of a defence at law, it is necessary for the complainant to show that the discovery prayed is material to his defence in this suit at law; and if he does not show this by his bill, the defendant may demur to the discovery. (Mitf. Pl. 4th. Lond. ed. 192. *New-kirk v. Willet,* 2 Caines' Cas. in Err. 296. *Selby v. Crew,* 2 Anstr. 504.) And where the complainant seeks to give jurisdiction to this court, on the ground that it was necessary for him to come here for a discovery; or when he asks the interposition of the court to stay a proceeding at law, either by a temporary injunction or otherwise, on the ground that a discovery is necessary to aid him in his defence, he must not only show that the facts as to which a discovery is sought are material, but he must also show affirmatively, in his bill, that his right or defence cannot be established at law by the testimony of witnesses, or without the aid of the discovery which he seeks. (*Gelston v. Hoyt,* 1 John. Ch. R. 547. *Seymour v. Seymour,* 4 id. 409. *Bullock v. Boyd,* 2 Marsh. Kent. R. 323. *Bass v. Bass,* 4 Hen. & Munf. R. 478. *Rees*

v. *Parish*, 1 M'Cord's Ch. R. 60. *Russell* v. *Clark's Ex'rs.* 7 Cranch, 89.)

In this case there is no material fact alleged to be in the knowledge of the defendant, which he could disclose without exposing himself to a prosecution for a conspiracy, if the allegations in the complainant's bill are true. The claim for a discovery of the non-existence of facts, essential to be established by Postley in his suit at law, is novel and wholly unprecedented. If these facts do not exist, it is impossible for the defendant to prove them in the suit he has brought against the complainant in the superior court, unless he is guilty of subornation of perjury ; and without the proof of these facts, it is impossible for him to recover in that suit. This court cannot presume that it is material or necessary for the complainant to have a discovery, merely to guard against anticipated perjury in a suit at law. The complainant's bill must, therefore, in this respect, be considered a mere fishing bill, to ascertain what proofs the defendant intends to produce against him in the suit brought in the superior court.

The demurrer is allowed, and the complainant's bill must be dismissed, with costs.