WILLIAMS and Another *v.* WANN, for the Use of LEWIS.

Debt brought by *A.* for the use of *B.* *Held*, that a plea that *B.* was never *in esse* was bad, the issue tendered being immaterial.

On the trial of a suit at law, the defendant may introduce evidence, in addition to an answer to a bill of discovery, in aid of his defence.

Though a mere bill of discovery in aid of a defence at law must show that the discovery is material to such defence, it need not show that the defence cannot be otherwise established.

But if the party seek to withdraw the suit from a Court of law, and to obtain, in addition to a discovery, relief in equity, his bill must show that he relies alone on the answer thereto.

ERROR to the *Fayette* Circuit Court.

*Tuesday, November* 23.

PERKINS, J.—*George Wann*, suing for the use of *Nathaniel Lewis*, commenced an action of debt in the *Fayette* Circuit Court against *Thomas Williams* and *Amos Chapman*, upon a promissory note. Pleas, 1. *Nil debent;* 2. Payment; 4. No title to the note sued on. The following is the third plea: "And for a further plea in this behalf the said defendants say *actio non*, because they say that the said *Nathaniel Lewis*, for whose use this suit is prosecuted, was never *in esse*, and this they are ready to verify, wherefore they pray judgment," &c. Issues of fact were formed on the 1st, 2d, and 4th pleas, and to the 3d there was a demurrer, which was sustained, and a final judgment, on a trial of the cause by the Court, rendered for the plaintiff.

The counsel for the plaintiffs in error contends that the Court erred in sustaining the demurrer to the third plea, while that decision is defended by the opposite counsel on the ground that the plea should have been in abatement and not in bar. We do not deem it necessary to examine as to this latter point. We think the demurrer was rightly sustained on another ground, viz., that the plea tenders an immaterial issue. *Wann* has the legal title to this note, is the person

Nov. Term, 1847.

WILLIAMS
v.
WANN.

in whose name it must be sued, and is the only plaintiff a Court of law will directly notice. It is entirely unimportant whether *Lewis*, for whose use the suit is said to be brought, is or is not *in esse;* but if he is not, then both the legal title to, and bene-ficial interest in, the note, must be presumed to be in *Wann*.

Before the cause was submitted to the Court for final judgment, the defendants filed a bill of discovery against *Wann*, requiring his answer, to be read in evidence on the trial at law. *Wann's* answer was given orally to the Court upon the trial, under the 107th sect. p. 848, of the R. S. of 1843.

After *Wann* had answered, the defendants offered to examine other witnesses touching the facts in issue, but not professedly with the object of impeaching *Wann*. The Court refused to permit such examination on the ground, as we infer from the briefs of counsel, that when a party avails himself of the testimony of his adversary in the cause by bill of discovery, no other evidence is admissible on his part. The cases of *Gelston* v. *Hoyt*, 1 Johns. C. R. 543, and *Leggett* v. *Postley*, 2 Paige, 599, and some others, seem to give countenance to this doctrine, but it is not the law. Where a party goes in his bill for discovery merely, with the view of using the answer obtained as evidence on a trial at law, it is necessary for him to show in his bill only that the facts as to which a discovery is sought are material to his defence, and not that he cannot establish it without them; and the answer to such a bill when obtained may be used on the trial at law, or not, as the party obtaining it chooses; and if used, it does not preclude the admission of other evidence. Peake's Ev. 56.— *Cox* v. *Cox*, 2 Port. 533.—Hare on Discov. 1.—Story's Eq. Pl. 348, n. 3.—*March* v. *Davison*, 9 Paige, 580.—2 Story's Eq. Jur. 942. But where a party seeks to withdraw his case from a Court of law, and, in addition to discovery, to obtain relief also in equity, there he must show that he has no evidence of which he could avail himself at law, and that he relies alone upon the answer to his bill of discovery; and in that event, the Chancellor, being in possession of the whole case, will decide its merits, though but for the fact of there being no evidence but the defendant's answer, the case would be confined to the jurisdiction of a Court of law. Story's Eq. Pl. *supra.*—*Russell* v. *Clark's Ex'rs*, 7 Cranch, 89.

The Court erred in refusing permission to examine the witnesses.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Fay*, for the plaintiffs.

*C. H. Test*, for the defendant.