*J. U. Pettit* and *D. D. Pratt*, for the plaintiff.

---

BYRKET, and Others, *v.* THE STATE, on the Relation of SIL-VERS.

Debt on the official bond of a justice of the peace. Breach, the non-payment of money collected by the justice to the party entitled. Plea, a former recovery. It appeared, on the trial, that in the former suit pleaded, which was on the same bond and between the same parties, the plaintiff obtained judgment for several sums of money which had been collected by the justice and not paid over; but that two of the sums collected by the justice and not paid over by him, had been omitted, by mistake, in taking the former judgment. This suit was brought to recover those two sums. *Held,* that the former recovery was not a bar to the present suit.

*Wednesday, December 10.*

ERROR to the *Henry* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced before a justice of the peace, and taken by appeal to the Circuit Court.

*The State,* on the relation of *Silvers,* was the plaintiff. Demand 95 dollars.

The suit was founded on the official bond of *Poston,* a justice of the peace. The breach assigned is, the non-payment of money collected by the justice to the party entitled.

The defendants pleaded a former recovery.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

The record contains all the evidence.

It appears that in the former suit pleaded, which was on the same bond and between the same parties with the present one, the plaintiff obtained judgment for several

sums of money, which had been collected by the justice and not paid over; but that two of the sums of money collected by the justice and not paid over by him, had been omitted, by mistake, in taking the former judgment. This suit is brought to recover those two sums.

There can be no doubt of the plaintiff's right to recover, unless the former judgment between the same parties is a bar.

We do not think, under the circumstances, that this suit can be defeated by the former recovery (1).

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman,* for the plaintiffs.

*M. L. Bundy* and *J. Davis,* for the defendant.

Nov. Term,<br>1851.<br>————<br>BYRKET<br>v.<br>THE STATE.

(1) Assumpsit by *Seddon et al.* v. *Tutop* for goods sold and delivered. Plea, a former recovery. Replication, that the promise in this suit was not the same for the non-performance of which the former judgment pleaded was rendered. Upon the trial, it appeared that the former suit was upon a promissory note and *for goods sold,* and that, upon the execution of a writ of inquiry, after judgment by default, the plaintiff not being prepared with proof as to the goods sold, took a verdict for the amount of the note only, and brought this action for the goods sold. The Court of *King's Bench* ruled that the former judgment was no bar to this action. 6 T. R. 607.

*B.* brought an action of trespass against *C.* for an injury done to two horses, in consequence of which one of them died, and the trespass on one of them was on one day, and on the other at another day, and the same being all in one count, the Court, on the defendant's motion, compelled the plaintiff to elect for which trespass he would proceed, and the plaintiff elected to go for the injury done to the horse that survived, and the jury found a verdict accordingly. Another action having been brought for the trespass on the horse which died of the injury, the defendant pleaded a former recovery for the same trespass. The plaintiff replied, setting forth the above facts by way of *protestando.* On a demurrer to the replication, it was held that the former recovery was no bar, since it appeared by the replication that the injury done to the horse which died, was not taken into consideration by the jury. The replication was, however, held to be bad, for stating these facts by way of *protestando,* instead of traversing and denying a former recovery for the same matter. *Snider* v. *Croy,* 2 Johns. 227.