*J. M. La Rue* and *D. Royse*, for appellant.

Nov. Term, 1860.

BRIGHT
v.
COFFMAN.

---

## BRIGHT *v.* COFFMAN.

An item of account canvassed and disallowed at a settlement of accounts, upon which a note is given, may afterward be made the foundation of an action or set-off, in the absence of fraudulent representations or practices at the settlement.

In order to make such a settlement binding as an accord and satisfaction, or as a compromise, of the disputed item, it must appear that something was given in discharge of it.

If the failure to insist upon the disputed item is relied upon, as an implied agreement to relinquish the demand, some consideration must be shown to support such agreement.

Any admission that the other party was not liable on the account, which might be implied from a failure to insist upon it, may be shown to have been made in ignorance, or by mistake, and thus without force as a bar.

APPEAL from the *Jefferson* Common Pleas.

PERKINS, J.—*Bright* sued *Coffman*, on a note of the following tenor:

Friday,
December 14.

"$103.94.                    MADISON, MARCH 6, 1854.

"Ninety days after date, I promise to pay *M. G. Bright*, one hundred and three dollars and ninety-four cents, for value received, waiving all valuation and appraisement laws.

"JOHN COFFMAN."

The defendant answered that the note was given without consideration, in this, that it was given in a settlement of accounts between him and Mr. *Bright*, and that he forgot to

bring into the settlement an account for brick against *Bright*, of the exact amount of the note.

He answered in another paragraph, claiming a set-off, being an account for brick to the amount of the note.

The plaintiff replied to the first paragraph, that defendant did not forget to bring in said account at the settlement; but, on the contrary, did bring it in with all others, and that it was considered, disallowed, and excluded. To the set-off the plaintiff replied, denying it. On the trial, the plaintiff gave in evidence the note, and rested.

The defendant then introduced two witnesses, viz.: Messrs. *Brennaman* and *Bright*. *Brennaman* swore that in the spring of 1853, *Bright* told him to get paving brick of *Coffman* and have them charged to him, and that he did get 17,000, at six dollars a thousand.

This evidence, of itself, amounts to nothing in the case, because it shows that the brick were got the year previous to the giving of the note, and hence in no manner tends to rebut the presumption that the account was settled, at the time of executing the note.

The remaining witness was Mr. *Bright;* but he was made a witness by the defendant, and he, of course, can not impeach him; and, as we have seen, must succeed upon his testimony, if at all, as the testimony of *Brennaman* avails nothing, considered by itself. See *Williams* v. *Wann*, 8 Blackf. 477. *Bright* swore that the account for these brick was brought in at the settlement, that he denied it as an account against him, averring that he did not owe it, and would not pay it; and that the defendant gave the note, at the time, upon the settlement of all their accounts, this for the brick being excluded.

Now, what is the force and effect of the combined testimony of these two witnesses? For though they are both the witnesses of the defendant, and conflict in their statements, the evidence of both was for the jury, and they had the right to give credence to the statement of one or the other, as they believed or disbelieved it.

From the evidence of *Brennaman*, the jury might have inferred that *Bright* was liable to pay for the brick, and might

have given weight to his testimony on this point, over that of Mr. *Bright*; and as Mr. *Bright* testified that it was not allowed in the settlement, the jury might have concluded that it should be allowed in this suit, as a set-off to the note. But the evidence of Mr. *Bright* was clear, that the account was brought in and canvassed and rejected at the settlement, and the note given over it. This evidence was uncontradicted; and the question is, therefore, fairly presented, and the case turns upon it, whether an item of account canvassed and disallowed at a settlement of accounts, upon which a note for a balance is given, can be made the foundation of an action, or set-off, afterward, no fraudulent representation or practices having occurred at the settlement. This is a question of law.

It has been decided by this Court that where a party sues on accounts, and the defendant disputes their correctness, and the plaintiff is not prepared with his proof of a given item, he may withdraw it from the suit, and afterward recover on it. See *Byrket* v. *The State*, 3 Ind. 248 and note. Now, it would seem that the rule could not be more strict than this, upon settlements.

Parties meet to settle; bring in their accounts; one item is denied; the party can not there introduce his proof of its correctness, and force its allowance; he yields it and settles such as are undisputed; shall he be precluded from afterward establishing the disputed item? We think not. Such was the case here. Mr. *Bright* testifies that the settlement was upon other accounts, the disputed item being "excluded," and that the note was given on settlement of the balance of accounts. The jury may have believed that the evidence of *Brennaman*, in this case, established the disputed item. The jury, on two successive trials, came to that conclusion; the Common Pleas affirmed the finding on the second trial, and we think we can not set it aside without departing from the settled practice of this Court.

We think the evidence does not make a case showing that *Coffman* is estopped to enforce payment of the disputed item, on proof of Mr. *Bright's* liability to pay it. The transaction, at the alleged settlement, is not shown to amount to an accord and satisfaction of the item of account, because nothing was

given in discharge of it. There was no compromise of it, because it is not shown that Mr. *Bright*, to use common parlance, threw off any thing from his demand, on account of its rejection. If it be claimed that the transaction amounted to an agreement or promise by *Coffman*, to relinquish the demand, no consideration is shown for the promise. See *Spahr* v. *Hollingshead*, 8 Blackf. 415 ; Ind. Dig. 258. If it is claimed that the transaction involved an admission that Mr. *Bright* was not liable on the account, this admission may be shown to have been made in ignorance or mistake, and thus without force or effect as a bar.

*Per Curiam.*—The judgment is affirmed, with costs.

*M. S. Bright,* for appellant.

*Jer. Sullivan,* for appellee.