## A. J. DAVENPORT v. L. J. ELLIOTT.

1. PLEADING; *Filing Reply; Discretion of Court.* In an action appealed from a justice of the peace to the district court where both parties had filed bills of particulars, and where the district court on the appeal permitted the plaintiff to file a reply to the defendant's bill of particulars, and where it is not shown that the court below thereby abused its discretion, or committed any substantial error, the judgment of the district court will not be reversed for such ruling.

2. CONTRACT OF PURCHASE; *What Evidence will sustain Verdict.* In an action by E. against D. on a negotiable promissory note, where the evidence tended to show that E. and B. had an unsettled account between them; that E. wrote to B. offering to purchase said negotiable promissory note which B. held on D. by paying therefor the amount of the note and interest; that B. inclosed the note, properly indorsed by himself, in a letter and sent it to E., merely saying, "I inclose you the D. note; you are sound on the goose;" that E. received the note before it was due, and gave B. credit therefor, but did not otherwise pay B. anything for the note; that E. then notified D. that he held the note and would expect payment thereon when the same should become due; that D. did not pay anything to E., but when the note became due paid the amount thereof to B., which B. accepted; and the jury found on the evidence in favor of E., and the district court rendered the proper judgment on the verdict; *held,* that the judgment and the verdict will not be disturbed on the ground that the verdict is against the evidence or contrary to law.

### *Error from Brown District Court.*

ACTION by *Elliott,* as indorsee, on a negotiable promissory note given by *Davenport* to one J. H. Barnett. A sufficient statement of the pleadings, proceedings, and evidence appears in the opinion. The action was tried at the October Term 1872 of the district court. The district court gave the jury the following instructions:

"The court instructs the jury that if they find from the evidence that the plaintiff resided in the state of Kansas at the time he purchased the note in question, (if he did purchase the same,) and that the payee and holder of said note resided in the state of Illinois, and that the plaintiff proposed by mail to purchase the same, and that the said payee and owner in compliance with or acceptance of his proposition deposited the same in the post-office directed to the plaintiff, and that the same was indorsed with the name of said payee

and owner thereon, and being so indorsed was transmitted by mail to the plaintiff before due, he (the plaintiff) became the owner thereof; and any payment made by the defendant to the payee after such transfer would be no defense in this action, and the plaintiff must recover."

The defendant excepted, and upon request of defendant the court also instructed the jury as follows:

"The court instructs the jury that if they find from the evidence that J. H. Barnett, the payee of the note sued on in this action, indorsed said note to plaintiff for collection, and he has not in fact paid any consideration for said note, then plaintiff is not a *bona fide* holder of said note for value; and if the evidence shows that defendant at or shortly after the maturity of said note made full payment to said Barnett, such payment was a complete satisfaction of said note, and the jury will find for the defendant.

"If the note sued on in this case was only assigned to plaintiff, and he holds as assignee, and not as indorsee, then payment to Barnett is a discharge, and the jury will find for the defendant."

To these two instructions plaintiff excepted. The jury found for the plaintiff, and he had judgment upon the verdict for the amount of the note and interest. New trial refused, and *Davenport* brings the case here on error.

*C. W. Johnson,* for plaintiff in error:

1. The district court erred in permitting plaintiff to file a reply, on the trial. The trial was on an appeal from a justice's court, and should have been tried on the issue originally joined.

2. The principal question is, whether a man who holds a promissory which is paid off, and for which he has paid nothing, and has a perfect defense to any action the payee may bring against him, is entitled to the protection which the law gives to *bona fide* holders for value. If he is, then this verdict is right. If he is not within that protection, the verdict is wrong. The court charged the law both ways. It tells the jury for plaintiff that an offer to pay to payee the principal and interest for a note, if accepted, and the note is indorsed and forwarded, cuts off a defense of payment from the maker,

whether the indorsee has paid anything or incurred any liability or not. It tells the jury for defendant that if they find that plaintiff has paid nothing, they will find for defendant. Such double instructions could not fail to mislead them.

Elliott is not a *bona fide* holder for value. (See Story on Prom. Notes, 5th ed., §§ 191, 196.) But the principle that even a *bona fide* holder for value can recover only the amount he has paid, settles this case, for plaintiff has paid nothing, and can recover nothing. (Story, § 191, citing 1 N. J., 665; 8 Humph., 127; 2 Hill, 301; and 1 Pars. on Notes, 257, where it is said payment of all that is due does not make the taker a *bona fide* holder.) A *bona fide* holder must be one who pays value. (See 1 Pars. Notes, 254.) Viewed in the light of these authorities, the instruction given for plaintiff touching a contract to purchase, is clearly erroneous and misled the jury.

3. The verdict is against the law and the evidence of the case. Barnett, the payee, swears positively he did not sell the note to Elliott, but assigned it to him for collection. Elliott testifies "that he bought it; that he considers that he bought it." But these are merely his conclusions of law.

*W. D. Webb*, for defendant in error:

1. The only pleading known in justices' courts is the "bill of particulars" of the plaintiff, and a like "bill" by the defendant where he sets up a counterclaim, or set-off. Justice's Act, §§ 71, 72, 73; and the case is to be tried *de novo* in the district court on appeal, on the original papers, unless the appellate court allows the pleadings to be amended, or *new pleadings filed;* Laws of 1870, ch. 88, § 7. No reply was therefore necessary; and if it was, it was matter of discretion with the district court whether or not it should be filed, of which plaintiff in error cannot complain except for its abuse. No substantial right was affected, and if it was error it is to be disregarded. Code, §§ 139, 140.

2. The question whether Elliott was a *bona fide* holder of the note, as stated in brief of plaintiff in error, does not aid

Davenport more than it would if Barnett had *given* this note tõ Elliott before due, and delivered it, thus making an *executed gift*, and Elliott had notified Davenport that it was his, and after this Davenport had paid it to Barnett. Such a gift would pass the title: 10 Johns., 293; 11 Johns., 534; 14 Johns., 222; 1 Paige, 316; 23 N. Y., 502. This is putting the case the most favorable for plaintiff in error, and yet it is a demonstration, that the question as to whether or not Elliott was a "*bona fide* holder for value" does not arise in the case.

3. The only question that arose in the case was fairly submitted to the jury by the instructions, the simple question being whether the note was sent to Elliott before due, and before payment, in response to and acceptance of a proposition from him to purchase it, or whether it was sent for collection. The jury found the former, and that is an end of the matter, unless the court erred in the first instruction given to guide the jury in determining the question of sale. Barnett having in response to Elliott's proposition by letter to buy the note, deposited it in the post-office, indorsed, directed to him, with no other remark in regard to it except one indicating an acceptance, is bound by the contract thus made. By paying the note to Barnett without its production, Davenport did so at his peril. Gen. Stat., ch. 14, § 1; 6 Wend., 103; 6 Hare, 1; 9 How., 390; 1 Pars. Cont., 406; 11 N. Y., 441; 36 N. Y., 307.

The opinion of the court was delivered by ·

VALENTINE, J.: Elliott sued Davenport in a justice's court on a negotiable promissory note given by Davenport to one Barnett, and indorsed by Barnett to Elliott. Both Elliott and Davenport filed their bills of particulars in the justice's court. Elliott obtained judgment in that court, and Davenport appealed to the district court. The district court permitted Elliott to file a reply to Davenport's bill of particulars, over Davenport's objections and exceptions. This was certainly not such an error, if error at all, as will require a reversal of the judgment of the district court. It is not

shown that the court below abused its discretion, or erred to the prejudice of the defendant below. If the reply was necessary, then the court had the undoubted right to allow it to be filed upon such terms as were just. But if it was not necessary, then no injury was done, and no substantial error was committed.

The case was tried in the district court by a jury, the main issue in the case being, whether Elliott was a *bona fide* owner and holder of the note. This issue was principally a question of fact; and so far as it was a question of fact it was found by the jury in favor of Elliott, and against Davenport. The law was correctly stated by the court. Or indeed if the court erred at all it was in favor of Davenport. The charge of the court was correct unless it was too favorable to Davenport. Therefore, unless the verdict is not sustained by sufficient evidence, or is contrary to law, the verdict must stand, and the judgment of the court below founded thereon must be affirmed. There was evidence tending to show that Elliott resided on Barnett's farm, in Kansas; that Elliott made improvements thereon, and looked to Barnett for compensation therefor; that Elliott and Barnett had an unsettled account between them; that Barnett resided in Illinois; that before the note became due Elliott wrote a letter to Barnett proposing to purchase the note, and pay therefor the amount of the note and the interest thereon; that Barnett, in answer to said letter, inclosed said note, properly indorsed by himself, in a letter to Elliott, and sent it and the letter to Elliott, merely saying in the letter, "I inclose you the Davenport note; you are sound on the goose;" that Elliott received the note before it was due, placed the amount thereof to Barnett's credit, and did not otherwise pay anything on or for the note; that he then, and before the note became due, told Davenport that he held the note, and that Davenport must pay the same when it became due; that Davenport did not pay any sum to Elliott, but sent the amount of the note with interest to Barnett when the note became due, and that Barnett received and accepted the same in payment of said note. Elliott testified that he

*purchased* the note from Barnett, and Barnett testified that he indorsed the note and sent it to Elliott for *collection* merely. The jury found in favor of Elliott. We think the jury found correctly. Elliott became the owner of the note by purchase from Barnett. It is not necessary in order to transfer title to a promissory note that the purchase-money therefor should be paid down. Indeed, it has been held in New York that the indorsee of a promissory note for a consideration which was by the agreement of the parties not to be paid until the note should be collected was nevertheless the owner of the note, the real party in interest, and might maintain an action thereon: *Cummings v. Morris*, 3 Bosw., 560; same case, 25 N. Y., 625. The case at bar is different from all the cases cited by counsel for plaintiff in error. The note in this case is valid against all attacks. No legal or equitable defense existed against the note when it was assigned. It was not affected by usury, or any other illegality, nor by fraud, nor by any want or failure of consideration. Everything connected with it, legal and equitable, was in its favor, and everything passed to Elliott by the assignment. When Davenport paid Barnett said money he could not pay it on the note, for Barnett did not have possession of or hold or own the note. He could not pay any debt to Barnett, for he did not owe Barnett any debt; and he cannot now plead any ignorance or innocence with regard to the matter, as he well knew who owned the note when he paid Barnett the money. He should have paid Elliott, and then allowed Elliott and Barnett to settle their affairs between themselves. The judgment of the court below is affirmed.

All the Justices concurring.