THE AMERICAN BRIDGE CO. v. TIMOTHY MURPHY.

1. NEW TRIAL; *Verdict; Weight of Evidence.* Where the verdict of a jury has been rendered upon oral testimony, and the testimony tending to support the verdict would be sufficient therefor if it was not contradicted by other testimony, and the district court has approved the verdict by refusing to set it aside and to grant a new trial, the supreme court will not reverse the judgment of the district court and order a new trial, where the only ground therefor is, that the verdict is not sustained by sufficient evidence.

2. EVIDENCE; *Receipt for Money.* A receipt for money is only *prima facie* evidence of the truth of the statements therein contained.

3. PAYMENT; RECEIPT; *Estoppel.* Where a debtor pays a portion of his debt, which portion he admits to be due at the time he pays it, but claims that it is all that is due, and that it is the whole of the debt, and the creditor receives the same and signs a receipt in full therefor, but at the same time claims that it is only a portion of the debt, and that the other portion still remains due, *held,* that the creditor is not estopped by his receipt from afterward suing the debtor and recovering the balance of the debt not yet paid.

*Error from Leavenworth District Court.*

ACTION by *Murphy* to recover a balance alleged to be due him on a written contract for the boarding of persons in the employ of the *Bridge Company.* The answer set up an accounting, and payment of balance found due on such accounting. The evidence for the plaintiff was the oral testimony

of the plaintiff and Preston Kuhn. The evidence for the defendant was the receipt of *Murphy*, and the oral evidence of Helm, Thorn and Gates. *Murphy's* receipt is as follows:

"LEAVENWORTH, April 24th, 1872.

"Received of G. Gates, agent for the American Bridge Company, $134.41, (exclusive of $53.00 left in Justice Gould's court as garnisheed in case of Gordon & Bro. vs. T. J. Murphy, subject to order of said court), the same being in full for all money due on board of hands with said Murphy.

"T. J. MURPHY."

Gates, a witness for the *Bridge Company*, testified—"I claimed all that was due the plaintiff was the amount named in the receipt in full, given me by plaintiff. *Murphy* claimed there was a larger amount due." And Helm, on the same side, testified that the parties came to his office "to settle," and "the question was discussed as to the amount due Murphy," and "finally, Murphy concluded to take the money and give the receipt. After they had looked the matter over, I read and explained the receipt to him." The jury found in favor of *Murphy*, and they also returned four special findings as follows: "1st.—The defendant did not settle with the plaintiff on or about the 24th of April, 1872. 2d.—On the 24th of April, 1872, Murphy signed and delivered to the defendant a receipt in full for all moneys due, but did so under protest. 3d.—The receipt was signed and delivered by Murphy to the Company after he had consulted with his attorney, and after the attorney had explained to him the effect of the receipt. 4th.—No settlement found." Judgment on the verdict in favor of *Murphy*, at February Term 1873. New trial refused, and the *Bridge Company* brings the case here.

*Stillings & Fenlon*, for plaintiff in error:

1. The weight of the evidence was clearly against the plaintiff below, to such a degree as to make a trial of a jury a mere farce, if the verdict can be upheld. *Prima facie*, at least, the receipt was good against Murphy, and he was bound to overthrow it by sufficient and competent evidence. He admits that he and the agent of the Bridge Company were

engaged in settling and accounting at the time of the receipt, but claimed he signed it under protest; but his attorney wrote the receipt for him under his direction. Mr. Kuhn's testimony shows they were at the time making a settlement of disputed accounts, and this is substantially all of the evidence tending to impeach the receipt. On this testimony alone it would be a mockery of common sense to say the receipt should be overthrown; but when taken in connection with the defendant's evidence, it would also be an outrage on justice to permit the verdict to stand. First, for the defense is the receipt itself, by the language of which Murphy acknowledged the payment of $134.41, "*the same being in full for all moneys due on board of hands.*" Next was the testimony of Helm that the parties came to his office to settle — that they looked the matter over — that he read and explained the receipt — that Murphy concluded to take the money and give the receipt. Then Gates, the agent of the Company, says the subject had been a matter of talk with him and Murphy for several days; that he (Gates) claimed that all that was due was the amount expressed in the receipt; that the receipt was read to Murphy, and the money paid him. And on this evidence the jury, the palladium of our liberties, found that no settlement had been made! If juries can be permitted to perpetrate such diabolical outrages on common sense, and steal one man's money to give to another, by the brute power of their verdict, it is about time our constitution was changed, so that this beneficent institution transmitted to us by King John, of holy memory, might depart in peace like the other relics of barbarism.

2. The second and third special findings are inconsistent with the general verdict. Can a man, upon a disputed account, after days of discussion in regard thereto, deliberately give his receipt "in full thereof," after being fully aware of the contents and effect, without fraud or deceit on the part of him securing it, still be entitled to recover an additional amount on the claim so receipted in full? Chitty on Contracts, 834,

note; 26 Conn., 487; 9 Conn., 401; 13 Conn., 136; 19 Conn., 177; Stephens' Nisi Prius, 1616.

*Pendery & Goddard,* and *J. W. Taylor,* for defendant in error:

1. As we understand it, the plaintiff in error claims that before and at the time of the execution of said receipt, there was an unsettled and disputed account existing between the parties — that the parties finally settled said account by plaintiff in error paying to defendant in error the sum mentioned in said receipt, and the defendant in error accepting the same in full, and executing the receipt. In other words, that plaintiff in error claimed that there was due to defendant in error on said account the sum mentioned in the receipt; that defendant in error claimed that there was several hundred dollars more than that sum due to him, and this difference was compromised by the payment of the amount mentioned in the receipt and the execution of the receipt; that there being a dispute as to the amount due, it furnished a valuable consideration for said compromise; and that defendant in error, by making the compromise and executing the receipt, barred himself from recovering on said account. There is no controversy as to the fact, that had said receipt not been given the defendant in error would have been entitled to recover the amount found by the jury. We submit that the receipt was not conclusive; that it was simply a receipt for so much money, and is only *prima facie* evidence of anything; and that Murphy was not bound thereby, but could show by parol evidence that no settlement had been made: 2 Pars. on Contracts, 6th ed., p. 555; 13 Penn. St., 46; 12 Penn. St., 235; 10 Humphrey, 188; 2 Zabriskie, 59; 48 N. Y., 204. As between the parties a receipt is always open to explanation: 15 Ill., 343; 32 Ill., 558; 38 Ill., 533.

The plaintiff in error gave nothing more than it admitted to be justly due. The defendant in error received nothing more than was admitted to be his due. There was no controversy or dispute as to that fact — the plaintiff in error simply paid what it admitted to be a just claim — the defendant in

error executed his receipt for the same. What consideration then passed from plaintiff in error to defendant in error to compensate defendant in error for giving up anything, or compromising anything? Will the plaintiff say it would not have paid the defendant the amount mentioned in the receipt had he not agreed to accept it in full? Such a position cannot be maintained. It admitted that it owed that amount to the defendant; and irrespective of the question whether it owed any larger amount or not, it was bound to pay that amount, and by paying it, it only performed its duty. 15 Ind., 371; 11 Vt., 66. A receipt in full of a sum less than the amount due, in no way discharges the right to recover the balance: 48 N. Y., 205; 31 N. Y., 409; 20 Ill., 558.

2. But for the sake of argument should we admit that Murphy would be barred by the receipt, if the same was executed by him of his own free will at a time when he possessed the capacity to make the same, and without any fraud practiced by plaintiff in error, yet, the same would be liable to be set aside on the ground of fraud, or on the ground of the lack of capacity on the part of defendant in error to contract at time of executing the same. There was evidence in the case below that Murphy at the time he executed said receipt was drunk, and that Gates, the agent of the plaintiff in error, knew that he had been drinking; and the question was fairly submitted to the jury, whether at the time he signed the receipt he knew what he was doing, and whether there was fraud practiced by the agent for the plaintiff in obtaining the receipt. Where the party, when he enters into a contract, is in such a state of drunkenness as not to know what he is doing the contract is void altogether. 1 Pars. on Contracts, 6th ed., 383, note *b*; 13 M. & W., 623; 3 Camp., 33. And a person who takes an obligation from another under such circumstances is guilty of actual fraud: 5 Pick., 431; 3 Gray, 90; 4 Conn., 203; 2 N. H., 435.

Every legal presumption obtains to support the verdict of a jury, and it is incumbent on the plaintiff to show affirmatively that there was error, before this court will disturb the

verdict. If there was evidence before the jury tending to prove every fact necessary to be found by the jury, in order to support the verdict, this court will not reverse the judgment below. The instructions of the court not being presented, it will be presumed that the law was correctly given by the district court.

There having been evidence before the jury on the trial below, tending to prove the incapacity of defendant in error to contract at the time of executing said receipt, on account of drunkenness, and tending to show fraud on part of defendant in error, in obtaining said receipt, and it not appearing to the contrary, it will be presumed that the jury found every fact necessary to support their verdict.

The opinion of the court was delivered by

VALENTINE, J.: Where the verdict of a jury has been rendered upon oral testimony, and the testimony tending to support the verdict would be sufficient therefor if it were not contradicted by other testimony, and the district court has approved the verdict by refusing to set it aside and to grant a new trial, this court will not reverse the judgment of the district court and order a new trial to be granted where the only ground therefor is that the verdict is not sustained by sufficient evidence. This principle has already been decided in *Luke v. Johnnycake*, 9 Kas., 511, 519; *K. P. Rly. Co. v. Montelle*, 10 Kas., 126, 127; *Davenport v. Elliott*, 10 Kas., 587; *St. Jos. & Den. City Rld. Co. v. Chase*, 11 Kas., 47; *Brewster v. Hall*, 12 Kas., 161; *A. T. & S. F. Rld. Co. v. Stanford*, 12 Kas., 354.

II. A receipt for money is only *prima facie* evidence of the truth of the statements therein contained.

III. Where a debtor pays a portion of his debt, which portion he admits to be due at the time he pays it, but claims that it is all that is due, and that it is the whole of the debt, and the creditor receives the same and signs a receipt in full therefor, but at the same time claims that it is only a portion of the debt, and that the other portion still remains due, the

creditor is not estopped by his receipt from afterward suing the debtor and recovering the balance of the debt not yet paid.

In support of these last two propositions we would refer to the cases of *Ryan v. Ward*, 48 N. Y., 204; *Bright v. Coffman*, 15 Ind., 371; *Wheeler v. Wheeler*, 11 Vt., 60, 66; *Curtis v. Martin*, 20 Ill., 558, 577; and other cases cited in briefs of counsel.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., dissenting.