By the Court.—Freedmah, J.
The existence of the power to vacate an order made for the examination of a party at the instance of the adverse party, has been so fully shown in Levy v. Loeb, decided at the present term of this court, that no further discussion upon that point is necessary here. In so far, therefore, as the denial of the motion was based upon a supposed want of power, it rests upon an erroneous view of the law.
The defendant, on the return day of the order, objected to being sworn, and moved for the vacation of the order, on the ground, among others, that the action being for libel, he could not be compelled to prove against himself the publication of the alleged libel.
The rule that a witness cannot be compelled to disclose any matter which may subject him to a penalty, a forfeiture or a criminal proceeding, nor to disclose *312 any matter constituting a link in the chain of evidence which may subject him to any of these consequences, has not been repealed by the Code of Civil Procedure, but is expressly retained by section 837. But it is the personal privilege of the witness, and ordinarily it can only be urged when a question having that tendency is addressed to him. As a general rule, therefore, the premature assertion of the privilege affords no justification for refusing to be sworn.
On the other hand, it was incumbent on the plaintiff to demonstrate by facts and circumstances the materiality, necessity and good faith of the proposed examination at the particular stage of the case at which it was sought to be taken. When, therefore, the defendant claimed his privilege, the plaintiff should at least have shown that there were material matters as to which the defendant could be examined. The burden of proof upon this point rested upon the plaintiff from the start, especially as, under the former practice, as was also insisted upon by the defendant, no bill of discovery would have been sustained for the purpose sought to be accomplished by the examination (Leggett v. Postley, 2 Paige, 599 ; Marsh v. Davison, 9 Id. 580 ; Bailey v. Dean, 5 Barb. 297 ; Lansing v. Pine, 4 Paige, 639 ; Taylor v. Bruen, 2 Barb. Ch. 301; McIntyre v. Mancius, 16 Johns. 592), and no examination was allowed to proceed where it was evident that the witness could not be compelled to answer a single question under it.
But the affidavit on which the order was granted showed that the sole object of defendant’s examination was to prove, by the latter’s own oath, the publication of a letter libelous on its face in a newspaper, with the design to injure the plaintiff, and no further proof was adduced to overcome defendant’s objection. Moreover, there was no pretense that the examination was material and necessary to enable the plaintiff to frame *313 his complaint, or that the publication could not be proved by other testimony, if such proof should become necessary at a subsequent stage. The mere general averment of the affidavit, “that the testimony of the defendant is material and necessary to plaintiff in the prosecution of this action,” did not meet the requirements of the 89 th rule.
For these defects, and it plainly appearing from the whole case that the object of the plaintiff was not so much to collect proof in aid of an action which he had, as to find out by the examination of the defendant whether he had any against the latter in particular, the motion to vacate should have been granted. To have compelled the defendant to take the oath and then to reassert his privilege, would in this case have been an idle ceremony.
The order appealed from should be reversed with costs, and defendant’s motion to vacate the order for examination granted.
Speir, J., concurred.