CONTINENTAL NAT. BANK v. HEILMAN et al.

(Circuit Court, D. Indiana. March 12, 1895.)

No. 9,137.

1. EQUITY—BILL OF DISCOVERY—CORPORATION.
    The fact that all the officers of a corporation are competent witnesses for either party in a suit is not a reason for refusing to sustain a bill of discovery against the corporation.

2. SAME—PARTIES.
    It seems that the practice of making an officer of a corporation a party to a bill of discovery against the corporation, in order to secure his oath, though questionable in itself, has become established by precedent.

3. SAME—VERIFICATION OF ANSWER.
    It seems that the answer of a corporation to a bill of discovery should be made under its corporate seal.

This was a suit by the Continental National Bank against Mary Jenner Heilman and others to enforce a lien upon certain stocks. The defendants filed a cross bill against the bank for discovery. The bank moves to strike the cross bill from the files.

A. C. Harris, for complainant.

Gilchrist & De Bruler and Duncan & Givens, for defendants.

BAKER, District Judge. The complainant has filed its bill against the defendants to obtain a decree for the payment of the amount of money evidenced by a note, and to procure the sale of certain pledged securities, and the application of the proceeds on the amount which may be found due to it. The defendants have filed an answer, which, if true, completely meets and overthrows the equity of the bill. The defendants in the original bill, as complainants, have also filed a cross bill in this cause against the Continental National Bank as sole defendant, seeking discovery in aid of the defense to the original bill. The Continental National Bank has moved the court to strike the cross bill from the files, on the ground that the same is wholly unnecessary, and needlessly incumbers the record, and is not essential to securing the defendants the relief sought, to wit, a discovery of what may be the testimony of the officers of the complainant touching the matters and facts surrounding the execution and payment of the note in suit.

A corporation aggregate is bound to answer a bill the same as a natural person, except that it puts in its answer under its corporate seal, while a natural person answers under oath. It is the usual rule of practice to join the clerk or other principal officer of a corporation as a party to a suit for discovery against such corporation. "The principle," said Lord Eldon in Fenton v. Hughes, 7 Ves. 287, "upon which the rule has been adopted, is very singular. It originated with Lord Talbot, who reasoned thus upon it: that you cannot have a satisfactory answer from a corporation, therefore you make the secretary a party, and get from him the discovery you cannot be sure of having from them; and it is added that the answer of the secretary may enable you to get better information." This rule of practice is extremely questionable, if it

were now to be considered for the first time, but it has so long and universally prevailed without objection that it must be considered established. But, while this is the usual practice, it is not necessary to make any officer of a corporation a party to such a bill. Where the corporation is the sole party defendant, it is its duty, if required to do so by the bill, to put in a full, true, and complete answer, and, to enable it to do so, it must cause diligent examination to be made of all deeds, papers, and muniments in its possession before answer. 1 Daniell, Ch. Pl. & Prac. 146. And it was said by Sir John Leach, M. R., in Attorney General v. Burgesses of East Retford, 2 Mylne & K. 40, that if a corporation pursue an opposite course, and the information required is afterwards obtained from the documents scheduled to its answer, the court will infer a disposition on the part of the corporation to obstruct and defeat the course of justice, and on that ground will charge it with costs of suit.

It is urged that, since all the officers of the corporation are made competent witnesses for either party by the federal statutes, there is no longer any reason for allowing a bill of discovery against a corporation, and that, the reason failing, the rule has failed. But whatever force this suggestion might be entitled to where a discovery is sought from a natural person, it has none in such a case as the present, for the corporation cannot be sworn and examined as a witness; and it is apparent that in many cases a discovery by a corporation may be important to attain the ends of justice. In the present case the corporation is alleged to be possessed of facts essential to the defense, which the defendants do not possess, and cannot acquire, except by obtaining a discovery through the answer of the corporation. The examination of its officers as witnesses can in no event be the exact equivalent of a discovery by the corporation itself, through an answer made under its corporate seal. The cross bill asks that the corporation may be required to answer under oath, but this it cannot be required to do. I am of opinion, however, that it is competent for the court to require it to make answer under its corporate seal. The only order which I will now make is to overrule the motion to strike the cross bill from the files, at complainant's costs.