INDIANAPOLIS GAS CO. v. CITY OF INDIANAPOLIS.

(Circuit Court, D. Indiana.   November 19, 1898.)

No. 9,493.

1. DISCOVERY IN EQUITY—POWERS OF FEDERAL COURT.
    The power of a federal court of equity to entertain a cross bill for discovery in a suit in equity has not been abridged by any act of congress or rule of the supreme court, and is not superseded by statutory methods provided for obtaining facts in actions at law.
2. SAME—CROSS BILL AGAINST CORPORATIONS.
    It is not a sufficient reason for a corporation to refuse to answer a cross bill against it for discovery that its officers and employés are made competent witnesses for either party by the federal statutes, such testimony not being the exact equivalent of a discovery by the corporation itself.
3. SAME—RIGHT OF DEFENDANT TO DISCLOSURE—MATTERS GOING TO PLAINTIFF'S TITLE.
    In a suit by a gas company against a city to enjoin the enforcement of an ordinance fixing the price of gas on the ground that its effect is to take the plaintiff's property without just compensation, the plaintiff cannot refuse to answer a cross bill for discovery on the ground that the evidence called for relates to matters which it would be required to prove to establish its case, and is, therefore, evidence going to plaintiff's title, where such matters affect the question of the validity of the ordinance which constitutes defendant's title, and the validity of which is affirmed in its answer.

On Demurrer to Cross Bill for Discovery.

Ferd Winter, for complainant.
John W. Kern, for defendant.

BAKER, District Judge.   The Indianapolis Gas Company, on August 11, 1897, filed its bill of complaint, setting up in great detail the fact of its organization, and the character and extent of the business that it carried on; alleging that it conducted both an artificial and a natural gas business in said city; alleging that the city of Indianapolis had adopted an ordinance, which is set out in the bill, fixing the price of artificial gas to be furnished to the city and its inhabitants at 75 cents per 1,000 cubic feet, and alleging that the price so fixed is unreasonable, and amounts to a taking of the complainant's property without just compensation, and without due process of law; and praying for a temporary restraining order pending the suit, and on the final hearing for a perpetual injunction restraining the enforcement of said ordinance.   On this bill a temporary restraining order was granted until the final determination of the cause.   On February 21, 1898, the defendant, the city of Indianapolis, filed an answer denying most of the material allegations of the complainant's bill, and affirming the validity of the ordinance in question, and asserting that the price fixed thereby was a reasonable price, and would afford a fair compensation to the complainant for the expense of manufacturing and supplying artificial gas to its consumers.   At the same time it filed a

cross bill against the gas company, referring to the answer of the defendant as well as to the bill of complaint for a detailed statement of the facts involved in the suit, and insisting on the validity of the ordinance, and seeking by interrogatories propounded to the defendant in the cross bill to obtain evidence to show that the ordinance was valid on the ground that it did not amount to a deprivation of property without just compensation, nor without due process of law. The gas company has interposed a demurrer to the whole cross bill, and severally to each interrogatory contained therein.

While bills of discovery in aid of the prosecution or defense of actions at law have practically fallen into disuse, owing to the simpler methods provided by statute for obtaining the same facts which might have been originally obtained by such cross bills, still it seems to be certain that courts of equity have not been deprived of their original and inherent jurisdiction to entertain bills of discovery by reason of such statutory provisions. The most that can be said is that these statutes have provided a cumulative remedy for obtaining evidence of facts which, before the enactment of such statutes, could only be obtained by a bill of discovery. The court knows of no statute enacted by congress, nor of any rule promulgated by the supreme court, which abridges or denies the original jurisdiction of courts of equity to entertain bills of discovery. However, bills of discovery in aid of the prosecution or defense of an action at law will be of very rare occurrence, for the reason that the statutes provide a simpler, cheaper, and more expeditious method of obtaining the facts than does a bill of discovery. So far, however, as a cross bill for discovery in a suit in equity is concerned, I am not aware that any change has been effected, either by statutory enactment or by the rules of the supreme court. A corporation aggregate is bound to answer a bill of discovery the same as a natural person, except that it puts in its answer under its corporate seal, while a natural person makes answer under oath. While it is the usual practice to join the clerk or other principal officer of a corporation aggregate as a party to the suit in a bill for discovery, such joinder is not necessary. Where a corporation is the sole party defendant, it is its duty, if required to do so by the bill, to put in a full, true, and complete answer; and to enable it to do so it must cause diligent examination to be made of all deeds, papers, writings, and muniments in its possession before answering. It was said by Sir John Leach, M. R., in Attorney General v. Burgesses of East Retford, 2 Mylne & K. 40, that if the corporation aggregate pursue an opposite course, and the information is afterwards obtained from documents referred to in its answer, the court will infer a disposition on the part of the corporation to obstruct and defeat the course of justice, and on that ground will charge it with the costs of the suit. Nor is it a sufficient reason for the corporation to refuse to answer a cross bill for discovery that the officers and employés of the corporation are made competent witnesses for either party by the federal statutes. Whatever force this suggestion may be entitled to where a discovery is sought from a natural person, it has none in such a case as the present, for the corporation cannot be sworn and examined as a witness, and it is apparent that in many cases a discovery by

a corporation may be more beneficial and important to the attainment of the ends of justice than would be a reliance exclusively upon the examination of its officers and employés. In the present case the corporation is alleged to be possessed of the knowledge of facts essential to the maintenance of the defense which the defendant does not possess, or which it cannot so readily or satisfactorily acquire as by obtaining a discovery through the answer of the corporation. It is clear that the examination of the officers and employés of the corporation can in no event be the exact equivalent of a discovery by the corporation itself. Bank v. Heilman, 66 Fed. 184.

It is earnestly contended by counsel for the gas company that the cross bill seeks to obtain evidence touching the same matters of fact which must be established by the complainant in the original bill to make out its case. It is said that this cannot be done, as it would be to allow the defendant to obtain evidence touching the complainant's title. The court does not so regard it. The city exhibits as its title and right of defense the ordinance which is assailed in the original bill. The facts which are sought by the cross bill are evidence in support of the defendant's title, which rests on the ordinance. While the evidence to assail and the evidence to support the ordinance is coincident, because the same facts are important to each party, the court is not of opinion that evidence touching these matters is evidence touching the title of the complainant in the original bill in such sense as that the city is not entitled to an answer from the gas company in regard to the facts affecting the validity of the ordinance which are peculiarly within its knowledge. Every plaintiff is entitled to a discovery from the defendant of the matters charged in the bill, provided they are necessary to ascertain facts material to the merits of his case, and to enable him to obtain a decree. The plaintiff may require this discovery either because he cannot prove the facts, or in aid of proof, and to avoid expense. Mitf. & T. Pl. & Prac. pp. 393, 394. It would therefore seem to be clear that the complainant, in its original bill, if it had chosen to do so, might have propounded interrogatories to the city for the purpose of obtaining the admission of such facts as would have tended to support the allegations contained in its bill. If the complainant in the original bill possessed the right to obtain a discovery from the defendant touching matters of fact set up in its bill, it is not apparent why the defendant to that bill may not, by a cross bill, obtain a discovery from its adversary touching the same matters. If the defendant to the original bill may not obtain a discovery from the complainant touching such matters, then it would result that a court of equity, which delights to do equal and impartial justice, would be compelled to concede a right to the complainant which it denied to the defendant. The cases in which it is said that the defendant will not be permitted to inquire into the title of the complainant, nor be entitled to compel the complainant to make disclosure of its title, are cases where the defendant has no direct interest in the muniments of title of the complainant. Such is not the case here. Here the complainant assails the defendant's title; charges that it is invalid by reason of certain facts, which it has set up in its bill. This the defendant denies, and

asserts the validity of its title under the ordinance.  And why may it not compel the defendant to the cross bill to disclose facts touching that question?  In the opinion of the court, it may do so.  "It has been well remarked," observes Mr. Justice Story in his Equity Pleading (section 390), "that in the transactions of human life it frequently happens that the leading facts of the case are known only to the acting parties; and it is, therefore, of essential service to the cause of truth and justice that the defendant to the suit should be enabled to interrogate the plaintiff on his oath as to the subject-matter in dispute between them.  The cross bill, therefore, gives a perfect reciprocity of proof to each party, derivable from the answer of each.  And on this account the right to file a cross bill is not confined to cases between private parties, for, if a foreign sovereign brings a bill, the defendant may file a cross bill against him for the discovery of matters material to his defense."

The case of Young v. Colt, Fed. Cas. No. 18,155, cited by counsel for the defendant to the cross bill, seems to be an authority against his contention.  In that case a bill was filed by the patentee for the infringement of a reissue of his patent.  The answer of the defendants to the original bill denied that the patentee was the first inventor, or had acquired a valid patent.  It is to be observed that the defendants in the original suit did not make their defense in their answer, or file their cross bill, under any color of title.  They neither claimed to be prior inventors, nor to hold by assignment the elder right of any other person.  If not naked intruders or trespassers upon the title of the patentee, they stood upon no higher ground than the allegation that the grant of the government to the patentee was void, and they presented their cross bill to support that assertion.  It was held in this case that a cross bill for such purpose was not admissible.  The court said:

"The broad principle upon which a cross bill is allowed is that equity should give suitors a common advantage in its processes.  As it compels the defendant to make disclosures and discoveries under oath to aid an action against him, so should it secure mutuality in this privilege by allowing the defendant to become a plaintiff, and compel his adversary to make disclosures and discoveries of matters within his knowledge that are serviceable to the defense.  The parties to that end alternate places in order that each may have the same use of the powers of the court for the same object.  But a cross bill, as its name imports, goes no further than to give the party filing it a reciprocal right enjoyed by the complainant in the original bill in respect to their mutual title or interest in the subject-matter of the suit."

The court further said:

"Considering the cross bill in this case as a bill of discovery, the defect is vital to it that it rests on no title in the parties filing it, either in common with or hostile to the patentee.  It is contrary to all principles of equity pleading to permit a party who has no right himself to a subject-matter in dispute to subject the one who shows a prima facie title to it to interrogatories as to the source or validity of that title.  Bills framed on that ground are always rejected as fishing, or as attempts to pry into an adversary's title, and as transcending the privilege granted to a suitor to draw from his adversary facts tending to support his own title."

In the present case the title of the defendant rests upon the validity of the ordinance, and the title of the complainant to recover

rests upon a defect of title under such ordinance. Each party, therefore, has a common interest in the question of the validity or invalidity of the ordinance in suit; and, in my judgment, either party has the right by interrogatories to compel the other to make disclosures and discoveries in regard to the facts of the case to aid such party in reaching the ends of truth and justice.

Nor does the contention of the demurrant receive any support from the case of Leggett v. Postley, 2 Paige, 599, which was a bill of discovery filed in aid of a defense in an action at law. It was there correctly decided that the defendant could not be compelled to make disclosures which, if true, would subject him to a criminal prosecution; nor could a discovery be compelled merely to guard against anticipated perjury in an action at law. It was further held that, to sustain a bill of discovery filed in aid of a defense in an action at law, the complainant must show that the discovery was material, and also that his defense at law could not be established by the testimony of witnesses without the aid of the discovery which he sought. This latter proposition is unsound. Williams v. Wann, 8 Blackf. 477, and cases there cited. No principle correctly decided in Leggett v. Postley, supra, lends support to the demurrer to the cross bill.

The question in Bolton v. Corporation of Liverpool, 1 Mylne & K. 88, arose on a bill of discovery filed in aid of a defense to an action at law brought by the corporation for the recovery of town dues, which the defendants, by their answer, admitted that they had in their custody; and, relating to the matters mentioned in the bill, they also admitted that they had divers cases which had been prepared and laid before counsel in contemplation of the then pending litigation, as also certain grants and deeds, which were the title deeds and grants evidencing their title to the dues in question. It was held that the plaintiff had no right to the inspection of such deeds and documents, because the plaintiff had no common interest with the defendants in the deeds and documents in question; and it was further held that the cases laid before counsel in the progress of a cause, and prepared in contemplation of and with reference to an action or suit, cannot be ordered to be produced for the purposes of that action or suit. Neither question decided in the foregoing case is influential in the present case, because here both parties had a common interest in the matters of which discovery is sought.

The case of Ivy v. Kekewick, 2 Ves. Jr. 679, fairly discloses what is meant by a fishing bill. The bill alleged that the testator had, after making his will, contracted for the purchase of an estate; that the purchase was completed by his executor, who conveyed to the testator's son, who was in possession; that the plaintiff was heir ex parte materna, and that there was no heir ex parte paterna. The defendant, by his answer, claimed as heir ex parte paterna. The plaintiff, by the amended bill, prayed that the defendant might set forth in what manner he was heir ex parte paterna, and all particulars of his pedigree, and the times and places or particulars of the births, baptisms, marriages, deaths, or burials of all the

persons who shall be therein named. To this part of the amended bill a demurrer was filed and allowed, because it was a fishing bill, seeking to know how the defendant would make out his own title, and the facts so alleged, and of which discovery was sought, constituted no part of the plaintiff's case. They were matters of defense exclusively, having no relation to the plaintiff's case. It was not, as here, a case where each party had a common or mutual interest in the same title. On the whole, the court is of opinion that the demurrer to the cross bill ought to be overruled, and the defendant therein should be ruled to answer. So ordered.